**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------ X

PAUL LEVY and ROSLYN LEVY,

          **Plaintiffs,**

    **- against -**

A. O. SMITH WATER PRODUCTS CO.,
et al.,

          **Defendants.**

------------------------------------------------ X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 7/13/12

**OPINION AND ORDER**

12 Civ. 5152

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.     INTRODUCTION

On July 2, 2012, defendant Crane Co. ("Crane") removed this asbestos-related tort action to this Court, invoking the federal officer removal statute, section 1442(a)(1) of Title 28 of the United States Code. Plaintiffs Paul and Roslyn Levy now move to remand the suit to state court. For the reasons set forth below, plaintiffs' motion is granted.

## II.     BACKGROUND

On or about April 17, 2012, the Levys filed this lawsuit against Crane and many other defendants in the Supreme Court of New York, County of New

York.[1]  In November of 2011, Paul Levy was diagnosed with lung cancer, which the Levys contend was caused by asbestos exposure.[2]  The Levys' claim is based on alleged exposure from asbestos-containing products, or the insulation on equipment, manufactured by the numerous named defendants, including Crane.[3] They allege, more specifically, asbestos exposure during the construction and repair of naval vessels between 1951 and 1966.[4]  Paul Levy lists eight ships that he worked on during this period:  the U.S.S. Bennington, the U.S.S. Oriskany, the U.S.S. Constellation, the U.S.S. Independence, the U.S.S. Saratoga, the L.P.D. 1 (Raleigh), the L.P.D. 4 (Austin), and the L.P.D. 5 (Ogden).[5]  Paul Levy worked as a pipefitter on those vessels and in the Brooklyn Navy Yard.[6]

        The Levys allege that the above information, made available on April 24, 2012 in plaintiffs' responses to Defendants' Fourth Amended Standard Set of Interrogatories ("interrogatory responses") , is sufficient to have put Crane on

---

[1]        *See* Complaint, Ex. 1 to 6/6/12 Declaration of Alani Golanski, plaintiffs' counsel ("Gol. Dec."), at 1.

[2]        *See* 4/24/12 Responses to Defendants' Fourth Amended Standard Set of Interrogatories ("Inter. Resp."), Ex. 4 to Gol. Dec., at 5.

[3]        *See id.* at 9.

[4]        *See id.* at 8.

[5]        *See id.*

[6]        *See id.* at 20.

notice of the removability of the action — the availability of the federal officer removal statute.[7]  As a result, they argue that the removal is untimely.[8]  Crane contends that this information was insufficient, and that Crane would have been required to assume or infer additional factual information in order for the interrogatory responses to serve as notice of removability.[9]  Rather, Crane suggests, the Supplemental Discovery Responses, which were served June 14, 2012, put Crane on notice of removability by alleging far more specific information including that Paul Levy had worked with Crane valves.[10]

## III.   APPLICABLE LAW

### A.   Section 1446(b)(3)

Under 28 U.S.C. § 1446 (b)(3),

[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The Second Circuit requires that "an amended pleading . . . or other paper," from

---

[7]     *See* Gol. Dec. ¶ 12.

[8]     *See id.*

[9]     *See* Crane Co's Opposition to Plaintiff's Emergency Motion to Remand ("Crane Opp."), at 3.

[10]    *See id.*

which removability may be ascertained, "'enable[] the defendant to intelligently ascertain removability from the face of such pleading.'"[11] "'A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition.'"[12] This standard "'does not require a defendant to look beyond the . . . pleading for facts giving rise to removability.'"[13]

## B.     Federal Officer Removal

Ordinarily, the well-pleaded complaint rule dictates that a defendant may remove an action from state court to federal court only if the case could have been filed in federal court in the first instance.[14] Thus federal question jurisdiction may be invoked only "'when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"[15] Suits against federal officers are an

---

[11]     *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010) (quoting *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001)).

[12]     *See id.*

[13]     *See id.*

[14]     *See City of Rome v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) (citation omitted).

[15]     *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). *Accord Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

4

exception to this general rule.[16]  "Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law."[17]

The federal officer removal statute provides that "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" may remove to federal court.[18]  If the defendant moving for removal is not a federal officer or agency, three conditions must be satisfied for removal to be appropriate.  *First*, the defendant must show that it is a "person" as that term is used in section 1442(a)(1).[19]  *Second*, the defendant must offer a colorable federal defense.[20]  *Third*, "it must establish that it was 'acting under' a federal officer, which subsumes the existence of a 'causal

---

[16]    *See Isaacson v. Dow Chemical Co.*, 517 F.3d 129, 136 (2d Cir. 2008). *Accord Jefferson County v. Acker*, 527 U.S. 423, 431 (1999).

[17]    *Id.*

[18]    28 U.S.C. § 1442(a)(1).

[19]    *See In re Methyl Tertiary Butyl Ether ("MBTE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

[20]    *Id.* (citing *Mesa v. California*, 489 U.S. 121, 129 (1989)).

connection' between the charged conduct and asserted official authority."[21]  While

other removal statutes are interpreted narrowly,[22] the Supreme Court has

emphasized that "the federal officer removal statute is not narrow or limited."[23]

Indeed, "the policy favoring removal 'should not be frustrated by a narrow,

grudging interpretation of § 1442(a)(1).'"[24]  Nevertheless, the Supreme Court has

limited federal officer removal where a defendant claims only that it complied with

federal regulations or rules issued by federal regulatory agencies.[25]

## IV.    DISCUSSION

The Levys have adequately demonstrated that notice was given to

Crane of the removability of this action on April 24, 2012, and the removal is

---

[21]     *Id.* (citing *Willingham v. Morgan*, 395 U.S. 402, 409 (1969)).

[22]     *See California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).

[23]     *Willingham*, 395 U.S. at 406.

[24]     *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (quoting *Willingham*, 395 U.S. at 407).   *Accord Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) ("Because it's so important to the federal government to protect federal officers, removal rights under section 1442 are much broader than those under section 1441.").

[25]     *See Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 153 (2007) ("A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" . . . that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored.").

6

untimely.  Paul Levy's interrogatory responses state that he was exposed to asbestos while working as a pipefitter on naval vessels with products manufactured by the defendants.[26]  These responses were sufficiently specific to put Crane on notice.[27]

      *First*, Crane satisfies the personhood requirement.[28]  *Second*, the facts

---

[26]    *See* Inter. Resp. at 8–9.  See also *Simpson v. AWC 1997 Corp.*, No. 1:08 Civ. 545, 2008 WL 2884999, at *2–3 (N.D.N.Y. July 23, 2008) (determining that defendants had been put on notice of removability by interrogatory responses).

[27]    *See Simpson*, 2008 WL 2884999, at *2–3 (finding that a defendant could intelligently ascertain removability from the following facts:  "(1) Plaintiff's years of employment; (2) his claim that he was injured by exposure to asbestos; (3) that his exposure to asbestos was primarily from working on submarines; (4) that he worked on specific Navy submarines; (5) that some of the asbestos exposure came from turbines; and (6) information from which [defendant] could (and actually did) determine whether it manufactured turbines on those ships for the Navy.").  *See also Viscosi v. American Optical Corp.*, No. 3:07 Civ. 1559, 2008 WL 4426884, at *6 (D. Conn. Sept. 29, 2008) (finding that removability could be ascertained from the information that a plaintiff was exposed to asbestos-containing products while working in the Navy — during a specific time period on specified ships — and that these products were manufactured by defendants and supplied to the employers of plaintiff); *Pantalone v. Aurora Pump Co.*, 576 F. Supp. 2d 325 (D. Conn. 2008) (finding that defendant could ascertain removability from the allegations that plaintiff "was exposed to various asbestos-containing products while in the U.S. Navy, at various jobsites, at various times during the years 1951–1956," and that defendants supplied such products to plaintiff's employer).

[28]    *See MBTE Prods. Liab. Litig.*, 488 F.3d at 124 ("[I]t is clear that corporations are 'persons' within the meaning of [section 1442(a)(1)].").

provided in the interrogatories give rise to a government contractor defense.[29]

Crane argues that it required an allegation that Paul Levy worked specifically with

Crane valves.[30]  However, Paul Levy stated that he was "regularly (on a daily

basis) exposed to asbestos during the construction and repair of naval vessels . . .

[b]etween 1951 and 1966 . . . ."[31]  The Levys list specific ships on which Paul Levy

worked.[32]  Most significantly, the responses further provide that Paul Levy was

exposed to asbestos-containing pipefitting products and insulation while working

on those specific ships,[33] and that named defendants manufactured such products

and insulation.[34]  The Levys' responses provide a list of the products, which

includes valves.[35]  These facts are sufficiently particular to apprise Crane of which

---

[29]     *See Viscosi*, 2008 WL 4426884, at *6 ("To place the defendants on notice for purposes of a federal contractor defense, a document must provide 'sufficiently specific facts or allegations to allow the defendant reasonably to identify the contracts through which the defense is being asserted.'") (quoting *Hilbert v. McDonnell Douglas Corp.*, 529 F. Supp. 2d 187, 194 (D. Mass. 2008)).

[30]     *See* Crane Opp. at 3.

[31]     Inter. Resp. at 8.

[32]     *See id.*

[33]     *See id.* at 20.

[34]     *Id.* at 9.

[35]     *See id.*

products, commissioned by the Navy, were at issue.[36]  *Third*, Crane did not require any information from plaintiff to know that "Crane Co. was acting under the direction of the Navy . . . in the design, manufacture and sale of its valves for and to the Navy."[37]

Crane relies chiefly on *Barnes v. Various Defendants (In re Asbestos Products Liability Litigation (No. VI)*, where the court found that removal was timely.[38]  Defendants removed within thirty days of plaintiff's filing of responses to special interrogatories, wherein plaintiff alleged exposure from a product manufactured by defendants.[39]  However, in that case, plaintiff had not named

---

[36]      *See Simpson*, 2008 WL 2884999, at *2–3 (finding that although plaintiff did not specifically mention defendant's products, "with reasonable intelligence," defendant could conclude that its products were on the specific ships listed by the plaintiff and, as a major manufacturer of turbines, defendant "was being held responsible for exposure to asbestos in and around the turbines in the Navy submarines").  Plaintiffs do not dispute that, aside from the timeliness issue, federal officer removal is proper in this case.  *See* Gol. Dec. ¶ 9; Crane Opp. at 4. To assert a government contractor defense, a defendant must demonstrate:  (1) that "'the United States approved reasonably precise specifications' for the military equipment supplied by the contractor;" (2) that "'the equipment conformed to those specifications;'" and (3) that the defendant "'warned the United States about the dangers in the use of the equipment that were known to the [contractor] but not to the United States.'" *Machnik v. Buffalo Pumps Inc.*, 506 F. Supp. 2d 99, 102 (D. Conn. 2007) (quoting *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988).

[37]      Defendant Crane Co.'s Notice of Removal, Ex. 3 to Gol. Dec., ¶ 10.

[38]      *See* 770 F. Supp. 2d 736 (E.D. Pa. 2011).

[39]      *See id.* at 740.

specific ships or alleged exposure to a type of product manufactured by defendant in the initial complaint.[40]  The complaint only stated that the decedent had been exposed to various asbestos-containing products in several locations, including a Naval shipyard.[41]  As such, the complaint did not provide a "nexus between Plaintiffs' claims and actions allegedly taken by Defendant under the direction of a federal officer."[42]  Here, the Levys have identified, in their interrogatory responses, exposure on specific ships, during a specific time period, and the type of products, including valves, which were manufactured by the named defendants, including Crane.[43]  As such, defendant had all the information needed to remove on April 24, 2012.

## V.    CONCLUSION

For the foregoing reasons, Crane's notice of removal is untimely. The Clerk of the Court is directed to close this motion (Docket No. 3), and this matter is remanded to the New York State Supreme Court for New York County.

---

[40]     *See id.*

[41]     *See id.*

[42]     *Id.*

[43]     *See* Inter. Resp. at 9, 20.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            July 13, 2012

11

## -Appearances-

**For Plaintiffs:**

Alani Golanski, Esq.
Law Offices of Alani Golanski
25 Washington Street, Suite 547
Brooklyn, New York 11201
(718) 406-4488

**For Defendant:**

Angela Digiglio, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP (Lex. Ave.)
599 Lexington Avenue
New York, New York 10022
(212) 536-3994